IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| WILLIAM BELL, an individual, | ) | CASE NO. 8:07CV148 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM AND |
| | ) | ORDER OF DISMISSAL |
| B&W COMPANY, INC., a corporation, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Defendant's Motion to Dismiss (Filing No. 11). The Plaintiff, William Bell ("Bell"), has submitted no brief or other response in opposition to the Motion.

In his Complaint (Filing No. 1, filed on April 20, 2007), Bell alleges that the Defendant, B&W Company, Inc. (B&W), discriminated against him on the basis of age and race/color in violation of the Nebraska Act Prohibiting Unjust Discrimination in Employment Because of Age (Neb. Rev. Stat. § 48-1001 *et seq.*), the Nebraska Fair Employment Practices Act (Neb. Rev. Stat. § 48-1004 *et seq.*), and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.  Bell alleges that he exhausted his administrative remedies before the Nebraska Equal Opportunity Commission ("NEOC") and purports to have attached to his Complaint a copy of the notice of administrative closure. (Complaint ¶ 2).  The Complaint is silent regarding when such notice of administrative closure was issued, mailed or received, and no such document is attached to the Complaint.

In support of the Defendant's Motion to Dismiss, counsel for B&W submitted copies of the notice of administrative closure issued to Bell by the NEOC on July 21, 2006; and the Notice of Right to Sue mailed to Bell by the United States Equal Opportunity Commission ("EEOC") on October 4, 2006. (Affidavit of Sherman P. Willis, Filing No. 13-2,

Exhibits A and B). The Notice of Right to Sue includes a bold, underlined notification that any lawsuit against the respondent (B&W) must be filed within ninety days of Bell's receipt of the notice.

Bell was required to file his state-law actions against B&W within ninety days of his receipt of the notice of the last action of the NEOC, *i.e.*, the notice of administrative closure. See Neb. Rev. Stat. § 48-1120.01 (Reissue 2004). He was required to file his Title VII actions against B&W within ninety days of his receipt of the EEOC Right-to-Sue letter. See 42 U.S.C. § 2000e-5(f)(1). Applying a presumption that Bell received the notices three days after their mailing,[1] his action was filed several months late.

This Court recognizes that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Iowa Network Servs. v. Qwest Corp.,* 363 F.3d 683, 694 (8th Cir. 2004). When considering a motion to dismiss, a court must view the factual allegations in the light most favorable to the plaintiff. *Parnes v. Gateway 2000, Inc.,* 122 F.3d 539, 546 (8th Cir. 1997). Thus, this Court will, as it must, draw all reasonable inferences in favor of Bell. *MM&S Fin., Inc. v. NASD, Inc.*, 364 F.3d 908, 909 (8th Cir. 2004).

---

[1] *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 148 n.1 (1984), applying Fed. R. Civ. P. 6(e) three-day service grace period to ninety-day limitations period established by 42 U.S.C. § 2000e-5(f)(1). ("Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of vague sympathy for particular litigants. . . . [E]xperience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." *Baldwin*, 466 U.S. at 152.

Because the undisputed facts show that Bell did not file his action in a timely manner under either federal or state law, and Bell has presented no argument regarding why the 90-day limitations periods should be tolled, B&W's Motion to Dismiss will be granted.

IT IS ORDERED:

1. The Defendant B&W Co., Inc.'s Motion to Dismiss (Filing No. 11) is granted;

2. The Plaintiff William Bell's Complaint is dismissed, with prejudice; and

3. The parties will bear their own costs and attorneys' fees.

DATED this 6th day of July, 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge